UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GERALD D. ENQUIST,<br><br>               Plaintiff,<br><br>    v.<br><br>ANDRIA SHAW CONGER, et al.,<br><br>               Defendants. | CASE NO. C17-5091BHS<br><br>ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, DISMISSING COMPLAINT IN PART, AND DIRECTING THE CLERK TO SERVE DEFENDANTS |

This matter comes before the Court on Plaintiff Gerald Enquist's ("Enquist") motion to proceed *in forma pauperis* (Dkt. 1) and proposed complaint (Dkt. 1-1). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby rules as follows:

**I. PROCEDURAL AND FACTUAL BACKGROUND**

On February 7, 2017, Enquist filed the instant motion and amended complaint. *Id*. Enquist alleges that, as a result of a 1976 arrest and conviction, he must register with the Pierce County Sex/Kidnapping Offender Registration Unit ("SKORU"). *Id*. He claims that he must report on a weekly basis because he is a transient while similarly situated individuals with a fixed address must only contact SKORU once or if they move to a new

address. *Id*. Enquist asserts that RCW 9A.44.130 violates his constitutional right to travel, due process rights, and equal protection rights. *Id*.

## II. DISCUSSION

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a); W.D. Wash. Local Rules LCR 3(b). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

A federal court may dismiss *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) . . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief."). Indeed, "1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).

In this case, the Court concludes that Enquist has sufficiently shown indigency and states a claim for relief on at least one claim. Regarding Enquist's right to travel claim and due process claim, the Ninth Circuit has held that Washington's registration statute does not violate these individual rights. *Russell v. Gregoire*, 124 F.3d 1079 (9th Cir.

1997). Thus, the Court *sua sponte* dismisses these claims. Regarding Enquist's equal protection claim, the Court is unable to locate any authority on this issue. Accordingly, at this time, the Court finds that Enquist has stated a claim for relief and is unable to afford the cost of this suit.

### III. ORDER

Therefore, it is hereby **ORDERED** that Enquist's motion to proceed *in forma pauperis* (Dkt. 1) is **GRANTED** and Enquist's claims for violation of his right to travel and due process rights are **DISMISSED with prejudice**.

The Clerk is directed to send the following to Defendants by first class mail: a copy of Enquist's complaint, a copy of this order, two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, a Waiver of Service of Summons, and a return envelope, postage prepaid, addressed to the Clerk's Office.

Dated this 9th day of February, 2017.

BENJAMIN H. SETTLE
United States District Judge