UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GERALD D. ENQUIST,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ANDRIA SHAW CONGER, et al.,<br><br>　　　　　　Defendants. | CASE NO. C17-5091 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND |

This matter comes before the Court on Defendants Andria Shaw Conger, Paul Pastor, and Pierce County Sheriff's Department's ("Defendants") motion to dismiss (Dkt. 15). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

I. **PROCEDURAL HISTORY**

On February 7, 2017, Plaintiff Gerald Enquist ("Enquist") filed a motion to proceed *in forma pauperis* and a proposed complaint. *Id*. Enquist alleges that, as a result of a 1976 arrest and conviction, he must register with the Pierce County Sex/Kidnapping Offender Registration Unit ("SKORU"). *Id*. He claims that he must report on a weekly basis because he is a transient, while similarly situated individuals with a fixed address must only contact SKORU once or if they move to a new address. *Id*. Enquist asserts

that RCW 9A.44.130 violates his constitutional right to travel, due process rights, and equal protection rights. *Id.*

On April 11, 2017, Defendants filed a motion to dismiss. Dkt. 15. On April 26, 2017, Enquist responded. Dkt. 17. On May 5, 2017, Defendants replied. Dkt. 21-1.

## II. FACTUAL BACKGROUND

On August 1, 2016, Enquist contacted SKORU requesting permission to travel outside of Pierce County. Although not clearly alleged in his complaint, Enquist has provided additional information alleging that Defendant Conger told Enquist that, before he could travel outside of Pierce County, Enquist must provide the dates and addresses of where he would be staying in advance and that traveling without providing this information would result in a felony warrant for his arrest. Dkt. 17 at 4.

## III. DISCUSSION

**A. Standard**

Motions to dismiss brought under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff

must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

**B.      Facial Challenge**

Defendants argue they are not the proper parties to defend a facial challenge to RCW § 9A.44.130(b)(6). Dkt. 15 at 5. The Court agrees to the extent that Enquist alleges any enforcement of the statute is unconstitutional. Thus, pursuant to Fed. R. Civ. P. 5.1(a), the attorney general must be notified of this matter. If Enquist asserts a facial challenge in an amended complaint, the Court will direct the Clerk to notify the Washington attorney general.

**C.      Pierce County Sheriff's Department**

Defendants argue that the Pierce County Sheriff's Department is not an entity capable of being sued. Dkt. 15 at 9. The Court agrees and grants Enquist leave to amend to remove the Sheriff's Department and add Piece County as a party.

**D.      Official Capacity**

Defendants contend that Defendants Pastor and Conger may not be sued in their official capacity and that Enquist fails to allege facts to support a claim that either defendant acted in his or her individual capacity. Dkt. 15 at 10. Based on the complaint, the Court agrees. Enquist, however, asserts that he intended to sue them in their individual capacities. Dkt. 17 at 8. Because the deficiencies in the complaint may be cured by amendment, the Court grants Enquist leave to amend his complaint.

### E. Qualified Immunity

Without an operative complaint, the Court declines to review the issue of qualified immunity. Thus, the Court denies this portion of the motion without prejudice.

### F. Jurisdiction

The parties should also consider Enquist's standing to assert the as-applied challenge to RCW 9A.44.130. While the parties are more familiar with the statute than the Court, it appears that Enquist may travel wherever he wishes as long as he complies with the registration requirement of notifying the sheriff of the county he travels to. Any "threat" that failure to register would result in a felony arrest warrant appears to be valid enforcement of the statute as opposed to a violation of his constitutional rights. If so, Enquist would lack standing because there is no constitutional violation and no injury. Moreover, it does not appear that he is entitled to any "preapproved" vacation or officially approved relief from his reporting requirements. Thus, the Court is concerned that it may be engaging in an advisory opinion. *See*, *e.g.*, *Westlands Water Dist. Distribution Dist. v. Nat. Res. Def. Council, Inc.*, 276 F. Supp. 2d 1046, 1051 (E.D. Cal. 2003) ("the advisory opinion prohibition stands at the "core" of Article III, and animates the justiciability doctrines of standing, ripeness, and mootness").

## IV.   ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 15) is **GRANTED** and Enquist is **GRANTED** leave to file an amended complaint correcting the deficiencies identified above. Enquist shall file an amended complaint no later than

June 23, 2017. Failure to do so or otherwise respond will result in **DISMISSAL** of his claims **with prejudice** and without further order of the Court.

Dated this 1st day of June, 2017.

_____
BENJAMIN H. SETTLE
United States District Judge