UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GERALD D. ENQUIST,

    Plaintiff,

v.

ANDRIA SHAW CONGER, et al.,

    Defendants.

CASE NO. C17-5091 BHS

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on the motion to dismiss of Defendants Andria Shaw Conger ("Conger"), Sheriff Paul A. Pastor ("Pastor"), and Pierce County ("County") (collectively "Defendants") (Dkt. 49). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

On February 7, 2017, Plaintiff Gerald Enquist ("Enquist") filed a motion to proceed *in forma pauperis* and a proposed complaint. Dkts. 1, 1-1. Enquist alleged that, as a result of a 1976 arrest and conviction, he must register with the Pierce County Sex/Kidnapping Offender Registration Unit ("SKORU"). *Id.* He asserted that he must

report on a weekly basis because he is a transient, while similarly situated individuals with a fixed address are only required to contact SKORU once or if they move to a new address. *Id*. Enquist sought injunctive relief as well as damages. *Id*.

On February 9, 2018, the Court granted Enquist's motion and dismissed his complaint in part. Dkt. 3. The Court dismissed Enquist's right to travel and due process claims in light of *Russell v. Gregoire*, 124 F.3d 1079 (9th Cir. 1997). Dkt. 3. The Court allowed Enquist's equal protection claim to proceed and ordered service. *Id*. Enquist filed two motions for reconsideration arguing that he meant to assert an as-applied challenge that Defendants failed to properly apply state law in his case instead of a facial challenge to Washington's sex offender laws. Dkts. 10, 12. The Court denied both motions because, even under a liberal interpretation of his complaint, he failed to allege an as-applied challenge. Dkts. 11, 13. The Court also explicitly informed Enquist that he could file a motion to amend his complaint if he wanted to assert as-applied challenges. *Id*. Enquist failed to file such a motion.

On April 11, 2017, Defendants filed a motion to dismiss arguing that Enquist must bring a facial challenge against the State and, for other reasons, Enquist failed to name proper parties in his complaint. Dkt. 15. On June 1, 2017, the Court granted the motion, dismissed Defendants, and granted Enquist leave to amend his complaint. Dkt. 22.

On June 22, 2017, Enquist filed an amended complaint against the State. Dkt. 23. Enquist asserted that RCW 9A.44.130 violates his constitutional right to travel and equal protection. *Id*. Enquist sought declaratory relief, costs, and attorney's fees. *Id*. at 5–6.

On March 14, 2018, the State filed a motion for summary judgment. Dkt. 36. On April 2, 2018, Enquist responded and conceded that he failed to recognize that the Court granted him leave to amend to assert as-applied claims against Pastor and Conger in their individual capacity. Dkt. 39 at 5 n.9. On May 17, 2018, the Court granted the State's motion for summary judgment and dismissed Enquist's facial due process and right to travel challenges. Dkt. 47. The Court also granted Enquist leave to amend his complaint to add as-applied challenges against Defendants. *Id*. at 5, 11–12.

On June 6, 2018, Enquist filed a second amended complaint ("SAC"). Dkt. 48. Notably, Enquist seeks general and special damages, punitive damages, costs and attorney's fees, and any other relief to make him whole. *Id*. at 5. Enquist does not seek declaratory or injunctive relief.

On June 21, 2018, Defendants moved to dismiss the SAC arguing that they are entitled to qualified immunity from Enquist's claims for damages. Dkt. 49. On July 12, 2018, Enquist responded. Dkt. 52. On July 18, 2018, Defendants replied. Dkt. 53.

## II.  FACTUAL BACKGROUND

The factual allegations in the SAC are generally the same as in Enquist's previous complaints.

**A.  Washington's Statute**

Every person living in Washington who has been found guilty of a sex offense or kidnapping offense ("Offender") must register with the county sheriff and provide a variety of information, including the address where they will be living, place of employment, a photograph, and fingerprints. RCW 9A.44.130(1)–(2)(a). Offenders who

On March 14, 2018, the State filed a motion for summary judgment. Dkt. 36. On April 2, 2018, Enquist responded and conceded that he failed to recognize that the Court granted him leave to amend to assert as-applied claims against Pastor and Conger in their individual capacity. Dkt. 39 at 5 n.9. On May 17, 2018, the Court granted the State's motion for summary judgment and dismissed Enquist's facial due process and right to travel challenges. Dkt. 47. The Court also granted Enquist leave to amend his complaint to add as-applied challenges against Defendants. *Id*. at 5, 11–12.

On June 6, 2018, Enquist filed a second amended complaint ("SAC"). Dkt. 48. Notably, Enquist seeks general and special damages, punitive damages, costs and attorney's fees, and any other relief to make him whole. *Id*. at 5. Enquist does not seek declaratory or injunctive relief.

On June 21, 2018, Defendants moved to dismiss the SAC arguing that they are entitled to qualified immunity from Enquist's claims for damages. Dkt. 49. On July 12, 2018, Enquist responded. Dkt. 52. On July 18, 2018, Defendants replied. Dkt. 53.

## II.  FACTUAL BACKGROUND

The factual allegations in the SAC are generally the same as in Enquist's previous complaints.

**A.  Washington's Statute**

Every person living in Washington who has been found guilty of a sex offense or kidnapping offense ("Offender") must register with the county sheriff and provide a variety of information, including the address where they will be living, place of employment, a photograph, and fingerprints. RCW 9A.44.130(1)–(2)(a). Offenders who

On March 14, 2018, the State filed a motion for summary judgment. Dkt. 36. On April 2, 2018, Enquist responded and conceded that he failed to recognize that the Court granted him leave to amend to assert as-applied claims against Pastor and Conger in their individual capacity. Dkt. 39 at 5 n.9. On May 17, 2018, the Court granted the State's motion for summary judgment and dismissed Enquist's facial due process and right to travel challenges. Dkt. 47. The Court also granted Enquist leave to amend his complaint to add as-applied challenges against Defendants. *Id*. at 5, 11–12.

On June 6, 2018, Enquist filed a second amended complaint ("SAC"). Dkt. 48. Notably, Enquist seeks general and special damages, punitive damages, costs and attorney's fees, and any other relief to make him whole. *Id*. at 5. Enquist does not seek declaratory or injunctive relief.

On June 21, 2018, Defendants moved to dismiss the SAC arguing that they are entitled to qualified immunity from Enquist's claims for damages. Dkt. 49. On July 12, 2018, Enquist responded. Dkt. 52. On July 18, 2018, Defendants replied. Dkt. 53.

## II.  FACTUAL BACKGROUND

The factual allegations in the SAC are generally the same as in Enquist's previous complaints.

**A.  Washington's Statute**

Every person living in Washington who has been found guilty of a sex offense or kidnapping offense ("Offender") must register with the county sheriff and provide a variety of information, including the address where they will be living, place of employment, a photograph, and fingerprints. RCW 9A.44.130(1)–(2)(a). Offenders who

do not have a fixed address must report to the sheriff's office weekly and provide an accounting of where they stayed during the week. *Id*. § (6)(b).

Registered Offenders are not confined to any specific county. Instead, Offenders may leave the county or state, but the Offender must register with the local authorities when the Offender reaches the relevant destination. In other words, transient Offenders who leave the county in which they are registered, and enter another county, must register with the authorities in the new county. *Id*. § (4)(a)(vi). Offenders who leave Washington State must register with the new state and provide notice to the sheriff of the county in which they were last registered in Washington. *Id*. § (4)(a)(viii). With advanced notice to the sheriff, Offenders may also travel outside the United States. *Id*. § (3).

**B.     Enquist**

Enquist was convicted in 1976 of two counts of first degree rape and two counts of robbery. *State v. Enquist*, 163 Wn. App. 41, 44 (2011). He received a thirty-year sentence and was released in April 2007. *Id*. From the date of his release until June 2009, Enquist did not register as an offender. *Id*. Enquist was transient during this period, and, under Washington's former statute, he was required to report weekly to the local sheriff. *Id*. Enquist was convicted of failing to register. *Id*. Enquist appealed the conviction arguing that the registration statute (1) violated the ex post facto clause of the Washington constitution, (2) facially violated his constitutional right to travel, and (3) violated his constitutional right to travel as applied to him. *Id*. at 45–52. The Washington Court of Appeals upheld the conviction concluding in relevant part that "transient sex offender registration requirements are a legitimate and necessary aid to law

enforcement, are not unduly burdensome, and do not unconstitutionally limit transient sex offenders' right to travel." *Id*. at 44.

In August of 2016, Enquist was registered in Pierce County and, being transient, was required to report weekly to the SKORU. SAC, ¶ 8. On August 1, 2016, Enquist sent a letter to Sheriff Pastor indicating his intent to travel on August 17, 2016. *Id*. ¶ 10–11. Enquist and friends had planned a camping trip in various national parks located in Washington, Idaho, Montana, South Dakota, Wyoming and Oregon. *Id*. In response to his letter, Enquist declares that Conger, an office assistant with the SKORU, requested that Enquist provide the exact dates and addresses of where he would be staying on his camping trip. *Id*. ¶ 12. Enquist alleges that Conger told him that he could not travel and any attempt to do so would result in a felony warrant for his arrest. *Id*. ¶ 14. On September 26, 2016, Enquist filed a complaint with the sheriff's office based on Conger's action in denying his travel request. *Id*. ¶ 16.

### III. DISCUSSION

As a threshold matter, Enquist has altered the landscape of this suit by withdrawing his request for declaratory or injunctive relief. In Enquist's previous complaint and briefing, he alleged that the County had implemented some policy that placed greater restrictions on his travel than the Washington statutes. *See* Dkt. 39 at 25 (letter referencing Pierce County Sheriff's Department Policy 1020). Enquist alleged that Conger relied on this policy to threaten a felony arrest warrant unless Enquist provided in advance a detailed itinerary of his travel plans. *Id*. Because the right to travel is a fundamental right, any government policy that infringes that right must be justified by a

compelling state interest. *Enquist*, 163 Wn. App. at 50. Enquist's allegations raised the concern that the County implemented a policy that impeded his right to travel without setting forth a compelling state interest to justify the restriction of a detailed daily itinerary for intra- and/or inter-state travel. Enquist, however, has withdrawn his request for injunctive relief and a declaratory judgment that the County's policy is unconstitutional. Thus, Enquist's claims for monetary damages are based on (1) Conger's threat of issuing a warrant if Enquist traveled, (2) Pastor's failure to provide a process for challenging Conger's threat, and (3) the County's failure to train Pastor and/or Conger.

A.  **Qualified Immunity**

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "The protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Id.* (quoting *Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (KENNEDY, J., dissenting)). A plaintiff must show that his constitutional right was violated and that the constitutional right was clearly established at the time of the violation. *Id.* at 232.

In this case, Enquist fails to show that a clearly established constitutional right was violated by any defendant. First, Conger's threat of issuing a warrant if Enquist left on

his planned trip is at most a mistake of law, and does not rise to the level of an unreasonable mistake of law given the dearth of authority interpreting this aspect of the Washington statute. Similarly, if Conger was conveying her personal interpretation, as opposed to following County policy, that the Washington statute requires a detailed itinerary in advance, then such a mistaken interpretation does not overcome her entitlement to qualified immunity because of the lack of clearly established law. Although some courts have considered the constitutionality of the Washington statute in general, Enquist has failed to cite, and the Court is unaware of, any authority on the issue of transient travel requests. Therefore, the Court concludes that Conger is entitled to qualified immunity against Enquist's claims for damages because he has failed to show that a clearly established right was violated.

Second, Enquist fails to show that Pastor's alleged failure to provide due process to challenge Conger's threat either violated his rights or the right was clearly established. "We examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State, the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). It is questionable whether Conger's threat interfered with Enquist's right to travel. Even if it did, Enquist has failed to show that challenging an issued warrant through the criminal courts would be an inadequate procedure to contest his alleged deprivation. More importantly, Enquist has failed to show that Pastor violated a clearly established right to a predeprivation hearing to challenge Conger's threat. Therefore, the

Court concludes that Pastor is entitled to qualified immunity against Enquist's claims for damages because he has failed to show that a clearly established right was violated.

Finally, Enquist fails to state a claim for failure to train. A municipality's failure to train employees "may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the [employees] come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). Nothing in Enquist's complaint or response rises to deliberate indifference to his right to due process or travel. Therefore, the Court grants Defendants' motion on Enquist's claim against the County.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 49) is **GRANTED**. Enquist's *in forma pauperis* status is revoked for the purposes of appeal. The Clerk shall enter a **JUDGMENT** in favor of Defendants and the State and close the case.

Dated this 6th day of September, 2018.

BENJAMIN H. SETTLE
United States District Judge